**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Johnson, | No. CV-22-02138-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Amy Johnson's appeal from the Commissioner of the Social Security Administration's ("SSA") final decision denying social security disability benefits. (Doc. 1). The appeal is fully briefed (Docs. 12, 16, 18). Additionally, Defendant has moved to remand the case to the Acting Commissioner of Social Security for further administrative proceedings. (*See* Doc. 17). The Court now rules on the appeal and Defendant's motion.

**I.    BACKGROUND**

In this appeal, Plaintiff has requested this case be remanded for a computation of benefits. (Doc. 12 at 23). Plaintiff argues that the ALJ "failed to base the residual functional capacity on the frequency of treatment as required by 96-8p." (*Id.* at 1). Additionally, Plaintiff argues that the ALJ failed to properly evaluate four medical opinions. (*Id.*) Defendant concedes that the Administrative Law Judge ("ALJ") did not fully address the supportability of some of the medical source opinions and departed from one of his prior administrative findings, and accordingly, Defendant requests that this case be remanded

for further administrative proceedings to cure the ALJ's errors. (Doc. 17).

### A. Factual Overview

Plaintiff was thirty-nine years old on her alleged disability onset date of September 20, 2016. (Doc. 12 at 2). She has a master's degree and reports past work as an underwriter and loan processor. (*Id.*) On June 27, 2017, Plaintiff filed her application for social security disability insurance benefits. (*Id.*) Plaintiff alleged that she suffers from bipolar disorder, major depressive disorder, generalized anxiety disorder, social anxiety, obsessive-compulsive disorder, post-traumatic stress disorder, and agoraphobia. (*Id.*) Plaintiff's claims were initially denied on August 31, 2017, and upon reconsideration on March 19, 2019. (Doc. 10-4 at 51). A hearing was held before Administrative Law Judge on June 3, 2020. (*Id.*) The ALJ denied Plaintiff's application on August 4, 2020. (*Id.* at 52). The SSA Appeals Council denied Plaintiff's request for review of the ALJ's decision and adopted that decision as the SSA's final decision. (*Id.*)

Thereafter, Plaintiff filed an appeal to U.S. District Court for the District of Arizona. (*Id.*) In that appeal, the Magistrate Judge analyzed the ALJ's opinion and determined, first, that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. (*Id.* at 57). Second, the Magistrate Judge found—as conceded by Defendant—that the ALJ had failed to properly evaluate the medical source opinion evidence under the revised regulations. (*Id.* at 58). Thus, the Magistrate Judge remanded the case to the ALJ to conduct a new hearing, reconsider the medical opinion evidence of record, reconsider Plaintiff's residual functional capacity ("RFC"), and issue a new decision. (*Id.* at 59).

A new telephonic hearing was held before the same ALJ on July 25, 2022. (Doc. 10-3 at 5). In his decision, the ALJ found that Plaintiff has not been disabled—as defined in the Social Security Act—from September 20, 2016, through the date of the decision. (*Id.* at 6). The SSA adopted that decision as the SSA's final decision. (Doc. 17). Plaintiff then sought review in this Court. (Doc. 1).

**B.      The SSA's Five-Step Evaluation Process**

To qualify for social security disability insurance benefits, a claimant must show that she "is under a disability." 42 U.S.C. § 423(a)(1)(E). To be "under a disability," the claimant must be unable to engage in "substantial gainful activity" due to any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. *Id.* § 423(d)(1). The impairment must be of such severity that the claimant cannot do her previous work or any other substantial gainful work within the national economy. *Id.* § 423(d)(2). The SSA has created a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(1). The steps are followed in order, and each step is potentially dispositive. *See id.* § 404.1520(a)(4).

At step one, the ALJ determines whether the claimant is engaging in "substantial gainful activity." *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work activity that is (1) "substantial," e.g., doing "significant physical or mental activities;" and (2) "gainful," e.g., usually done "for pay or profit." 20 C.F.R. § 416.972(a)(b). If the claimant is engaging in substantial gainful work activity, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(i).

At step two, the ALJ determines whether the claimant has "a severe medically determinable physical or mental impairment" or severe "combination of impairments." *Id.* § 404.1520(a)(4)(ii). To be "severe," the claimant's impairment must "significantly limit" the claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(ii).

At step three, the ALJ determines whether the claimant's impairment(s) "meets or equals" an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the ALJ will find the claimant is disabled, but if not, the ALJ must assess the claimant's "residual functional capacity" ("RFC") before proceeding to step four. *Id.* §§ 404.1520(a)(4)(iii), 404.1520(e). The claimant's RFC is her ability to do

physical and mental work activities "despite [her] limitations," based on all relevant evidence in the case record. *Id.* § 404.1545(a)(1). To determine RFC, the ALJ must consider all the claimant's impairments, including those that are not "severe," and any related symptoms that "affect what [the claimant] can do in a work setting." *Id.* §§ 404.1545(a)(1)–(2).

At step four, the ALJ determines whether the claimant has the RFC to perform the physical and mental demands of "[her] past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 404.1520(e). "Past relevant work" is work the claimant has "done within the past 15 years, that was substantial gainful activity." *Id.* § 404.1560(b)(1). If the claimant has the RFC to perform her past relevant work, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ will proceed to step five in the sequential evaluation process.

At step five, the last in the sequence, the ALJ considers whether the claimant "can make an adjustment to other work," considering her RFC, age, education, and work experience. *Id.* § 404.1520(a)(v). If so, the ALJ will find the claimant not disabled. *Id.* If the claimant cannot make this adjustment, the ALJ will find the opposite. *Id.*

### C. The ALJ's Application of the Factors

Here, at step one, the ALJ concluded that Plaintiff had "not engaged in substantial gainful activity since September 20, 2016, the alleged onset date." (Doc. 10-3 at 8).

At step two, the ALJ determined that the following impairments were "severe": bipolar disorder, major depressive disorder, generalized anxiety disorder, social anxiety, obsessive compulsive disorder, post-traumatic stress disorder, and agoraphobia. (*Id.*) The ALJ found that Plaintiff's severe impairments "significantly limit the ability to perform basic work activities . . . ." (*Id.*) The ALJ analyzed Plaintiff's claimed physical impairments and determined that her calcaneal spurs, carpal tunnel syndrome, and obesity "do not have more than a minimal effect on [Plaintiff's] physical or mental ability to perform basic work activities, and are therefore, nonsevere." (*Id.* at 8–9).

At step three, the ALJ concluded that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 9). The ALJ determined that Plaintiff has the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand and remember simple instructions, carry out simple instructions, perform simple tasks at a reasonable pace, and have occasional contact with coworkers and the public." (*Id.* at 10–11).

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. (*Id.* at 16).

At step five, the ALJ determined that Plaintiff could make a successful adjustment to other work. (*Id.* at 17). In making this determination, the ALJ consulted a vocational expert because Plaintiff's "ability to perform work at all exertional levels has been compromised by nonexertional limitations." (*Id.*) The vocational expert testified that given all of the factors of Plainitff's age, education, work experience, and RFC, she would be able to perform the requirements of representative occupations such as hand packager, housekeeping, and routing clerk. (*Id.*) Accordingly, the ALJ found Plaintiff has not been under a disability—as defined in the Social Security Act—from September 20, 2016, through the date of the decision. (*Id.* at 18).

## II.   LEGAL STANDARD

This Court may not set aside a final denial of disability benefits unless the ALJ decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). Substantial evidence refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). The Court, in its review, must consider the record in its entirety, "weighing both the evidence that supports and evidence that detracts from the [ALJ's] conclusion." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)).

The ALJ—not this Court—is responsible for resolving ambiguities, resolving

conflicts in medical testimony, determining credibility, and drawing logical inferences from the medical record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984)). Therefore, when the evidence of record could result in more than one rational interpretation, "the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Further, this Court may only review the reasons the ALJ provides in the disability determination; it "may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010.

## III.   DISCUSSION

Plaintiff raises two claims of error in the ALJ's decision: (1) the ALJ did not properly consider the opinions of Dr. Constanini, Dr. Kemper, Ms. Wells, and Dr. Burstein; and (2) the ALJ failed to base Plaintiff's RFC on the frequency of treatment. (Doc. 12 at 1). Both parties agree that the ALJ erred, warranting remand of this case. However, they do not agree on the proper remedy. Plaintiff requests the Court remand this case to the ALJ for an immediate award of benefits, or in the alternative, a remand for further administrative proceedings, and Defendant requests the Court remand this case to the ALJ for further administrative proceedings. (*See* Doc. 12; Doc. 17).

Defendant concedes that the ALJ did not conduct a proper supportability analysis as to doctors Kemper and Constantini and moves to remand the case on that ground. (Doc. 17 at 4). Defendant makes no argument as to Ms. Wells or Dr. Burstein but states that "the ALJ on remand will necessarily address all the relevant medical opinions and statements as the regulations require." The Court will treat Defendant's statements on Ms. Wells and Dr. Burstein as a concession since Defendant does not otherwise respond to Plaintiff's argument that the ALJ erred when evaluating these medical opinions.

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *See Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). However, the latter is "a rare and

prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). For the Court to remand for award of benefits, three conditions must be satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, even where each condition is satisfied, the Court may still remand for further administrative proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Id.*

Here, although the ALJ failed to provide legally sufficient reasons for rejecting the medical opinions, further administrative proceedings would serve a useful purpose because there is still a serious doubt as to whether Plaintiff is, in fact, disabled. In social security cases, "the required analysis centers on what the record evidence shows about the existence or non-existence of a disability." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The ALJ pointed out daily activities of Plaintiff and reports of improvement which conflict significantly with Plaintiff's claimed severity of symptoms and limitations and cast serious doubt on Plaintiff's claimed disability. (*See* Doc. 10-3 at 12–16). And despite the ALJ's errors, Plaintiff is not entitled to disability benefits solely because of said errors. *See id.* ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."). The Court finds that because it would be useful to have additional administrative proceedings to establish that Plaintiff is indeed disabled, an immediate award of benefits is not appropriate. Thus, the Court grants Defendant's motion for remand for further proceedings.

Plaintiff also argues that the ALJ erred in allegedly failing to base Plaintiff's RFC

on her frequency of treatment. (Doc. 12 at 1). Because this case will be remanded to the ALJ for further development of the administrative record and a new hearing, Plaintiff can raise this argument at that time.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Remand (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the ALJ's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 13th day of December, 2023.

James A. Teilborg
Senior United States District Judge