**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Johnson,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-22-02138-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Amy Johnson's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in support thereof. (Docs. 23, 23-1). The Commissioner of the Social Security Administration ("Commissioner") did not respond. The Court now rules.

**I.  BACKGROUND**

Plaintiff initially filed her application for social security disability benefits in June 2017. The Commissioner denied Plaintiff's application in August 2020 and the SSA Appeals Council adopted that decision as final. Plaintiff appealed and a Magistrate Judge remanded the case for a new administrative hearing.[1] On remand, the ALJ issued a second unfavorable decision in December 2022 and Plaintiff again appealed. In December 2023, this Court reversed the Commissioner's unfavorable decision and ordered a second remand for further proceedings.[2] (Doc. 19); *Johnson v. Comm'r of Soc. Sec. Admin.*, No. CV-22-

---

[1] The Magistrate Judge awarded Plaintiff's counsel $5,800 in attorney fees under the Equal Access to Justice Act ("EAJA") for representing Plaintiff in the first appeal. (2:20-CV-02151-MHB, Doc. 25 at 2).

[2] This Court awarded Plaintiff's counsel $5,486.83 in attorney fees under the EAJA for

02138-PHX-JAT, 2023 WL 8651321, at *1, *5 (D. Ariz. Dec. 14, 2023) (detailing the procedural history of Plaintiff's case).

At the second remand hearing, the ALJ issued a fully favorable decision, awarding Plaintiff $212,900 in backpay, and withholding $52,625.75 for payment of attorney fees. (Doc. 23-5 at 3, 5 (stating that the Commissioner "usually withhold[s] 25 percent of past-due benefits" and had withheld $52,625.75)).

Plaintiff's counsel now seeks this amount—$52,625.75—as a total fee award pursuant 42 U.S.C. § 406(b). (Doc. 23).

## II.   LEGAL STANDARD

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. "Because the [Commissioner] has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also consider the number of hours spent representing the claimant and the attorney's normal

---

representing Plaintiff in the second appeal. (Doc. 22 at 2). Plaintiff's counsel has thus collected $11,286.83 in fees under the EAJA related to her representation of Plaintiff in both appeals. (Doc. 23-1 at 2).

hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

### III. DISCUSSION

Plaintiff contractually agreed to pay counsel 25% of past-due benefits "with no maximum cap." (Doc. 23-4). Plaintiff's counsel now seeks $52,625.75, or 25%, of the past-due amount awarded to Plaintiff. (Doc. 23). Counsel's itemization of services indicates 51.85 hours of attorney services rendered. (Doc. 23-3). Plaintiff's counsel requests an hourly rate of $1,014.96 per hour ($52,625.75/51.85 hours), which is on the high end of effective hourly rates that have been previously approved in this Circuit. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902); *see also Hopkins v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08129-PCT-DGC, 2024 WL 3010939, at *1 (D. Ariz. June 14, 2024) (effective hourly rate of $231.94); *Mize v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00330-TUC-JGZ, 2024 WL 3951986, at *2 (D. Ariz. Aug. 27, 2024) (effective hourly rate of $350.79).

However, the $1,014.96 rate is still within the range of reasonableness.[3] *See Williams v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00136-PHX-JAT, 2025 WL 1342821, at *2 (D. Ariz. May 8, 2025) (approving an effective hourly rate of $1,482.05); *see also Roegner v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01974-PHX-DLR, 2024 WL 5106647, at *1 (D. Ariz. Dec. 13, 2024) (approving an effective hourly rate of $1,912.35); *McCabe v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00192-PHX-DLR, 2025 WL 460744, at *1 (D. Ariz. Feb. 11, 2025) (approving an effective hourly rate of $1,513.51).

Furthermore, upon review of the record, the Court finds no indication that Plaintiff's counsel engaged in any substandard performance or undue delay in prosecuting Plaintiff's

---

[3] Further, the effective hourly rate lowers to $797.28 per hour when the Court factors in the EAJA fees that will be refunded to Plaintiff. (Doc. 23-1 at 2, 5 ($52,625.75 (the requested fee award under § 406(b)(1)(A)) – $11,286.83 (refunded EAJA fees) = $41,338.92/51.85 hours = $797.28/hour)).

- 3 -

case. Indeed, counsel represented Plaintiff through two appeals and obtained a favorable decision. Through counsel's efforts, Plaintiff was ultimately awarded all benefits for which she applied. Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $52,625.75 is reasonable and will approve an award in this amount.

Because Plaintiff's counsel "must refund to the claimant the amount of the smaller fee [between the attorney fees payable under both the EAJA and § 406(b)]," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $11,286.83 EAJA award to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this Order.

## IV.  CONCLUSION

**Accordingly,**

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 23), is **GRANTED** in the amount of $52,625.75.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $11,286.83.

Dated this 26th day of January, 2026.

James A. Teilborg
Senior United States District Judge